IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DONTE WEST, *Plaintiff,* v. MS. T. BRADLEY, *et al*, *Defendants.* | CIVIL ACTION NO. 16-6678 |

Pappert, J.                                                                                            November 14, 2018

**<u>MEMORANDUM</u>**

While incarcerated at the Curran-Fromhold Correctional Facility in Philadelphia, Joseph West was allegedly assaulted by several corrections officers. West sued the officers, Ms. T. Bradley and Mr. Paone, as well as Warden Michele Farrell, alleging claims under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Farrell now moves to dismiss the claims against her for failing to state a claim under Rule 12(b)(6). (Mot. Dismiss, ECF No. 34.) The Court grants Farrell's Motion but will allow West an opportunity to amend his Complaint, consistent with this Memorandum.

I

On December 28, 2014, West was an inmate at CFCF when Officers Bradley and Jane Doe allegedly assaulted him in the housing unit. (Compl. at 2–3.) The Officers handcuffed West and took him to medical, where Officers Paone and John Doe also allegedly assaulted him, "punching and kicking [him] while [his] hands were cuffed behind [his] back." (*Id.* at 3.) West contends that Paone and John Doe then dragged him to the receiving room and beat him again, "punching and stomping [him]". (*Id.*)

1

West was subsequently taken to the hospital. (*Id.*) As a result of the alleged beating, West suffered "bruised ribs, swollen face, a chip tooth . . . [and] still [has] a knot or lump on [his] head." (*Id.*) After West returned to prison, someone from internal affairs at the prison visited him and told him that the alleged assaults were captured on video. (*Id.*)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility

determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

As a *pro se* litigant, West is entitled to liberal construction of his complaint. *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

III

To establish a *prima facie* case under § 1983, West must first demonstrate that a person acting under color of law deprived him of a federal right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). West must also show that the person acting under color of law "intentionally" violated his constitutional rights or acted "deliberately indifferent" in violation of those rights. *See, e.g.*, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998); *Brower v. Cty. of Inyo*, 489 U.S. 593, 596 (1989) (citing *Hill v. Cal.*, 401 U.S. 797, 802–05 (1971)); *see also Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

A

West alleges no facts with respect to what Warden Farrell did or didn't do; he merely names Farrell as a Defendant. Interpreting the Complaint liberally, the Court believes West is suing Farrell as a supervisor in both her individual and official capacities. "Individual, or personal, capacity suits seek to impose personal liability upon a government official for actions [s]he takes under the color of state law." *Helm v.*

3

*Palo*, No. 14-6528, 2015 WL 437661, at *9 (E.D. Pa. Feb. 3, 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). West can allege such personal involvement by showing either: (1) a supervisor's personal direction or actual knowledge and acquiescence in a constitutional violation, *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003) (quoting *Evancho v. Fisher*, 423 F.3d 347, 352 (3d Cir. 2005)); or (2) that a defendant, in her role as policymaker, acted with deliberate indifference in establishing a policy that directly caused the alleged constitutional violation. *Brown v. May*, No. 16-01873, 2017 WL 2178122, at *2 (E.D. Pa. May 17, 2017).

West fails to allege any personal involvement by Farrell such that she can be held liable for West's claimed harm. "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988). West does not assert any facts that suggest that Farrell participated in or had knowledge about the alleged assaults. In fact, the only mention of Farrell in the entire Complaint occurs on the cover.

West similarly fails to allege that Farrell acted with deliberate indifference in establishing a policy that directly caused the alleged constitutional violation. To prove liability under the deliberate indifference theory, West must identify "a supervisory policy or practice [Farrell] failed to employ, and then provide that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was created by the failure to implement the supervisory practice or procedure." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *Brown v.*

4

*Muhlenberg Twp.*, 269 F.3d 205 (3d Cir. 2001). West fails to allege facts that Farrell was a policymaker who acted with deliberate indifference.

B

The court analyzes West's claim against Farrell in her official capacity under the standard for municipal liability set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.* 436 U.S. 658 (1978). "Official capacity suits . . . are just another way of pleading an action against an entity of which an officer is an agent." *See id.* at 690. As Farrell is an agent of the City of Philadelphia, claims against her in her official capacity are analyzed as if brought against the City.

Generally, a municipality will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Instead, a municipality can only be liable under § 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. at 658).

Accordingly, a successful *Monell* claim must establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality and (3) that the constitutional violation was caused by the municipality's policy or custom. *See Monell*, 436 U.S. at 658. A policy "is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews*, 895 F.2d at 1480 (citation and quotation omitted). "A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials are so permanent and well settled as

5

to virtually constitute law." *Id.* (citation and quotation omitted). Without a pattern of past violations, a plaintiff can go forward on a single violation theory if he can "show both contemporaneous knowledge of the offending incident . . . and circumstances under which [a municipal] supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (citing *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 25 (3d Cir. 1997)).

Again construing his Complaint liberally, West fails to state a *Monell* claim under either the pattern of violations or single violation theories. A deficient policy or custom must be established "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007) (emphasis added). West fails to allege any facts that would allow the Court to infer that a pattern, policy or custom exists here.

West also fails to adequately allege deliberate indifference under a single violation theory. In order to meet this theory's comparatively higher burden, West must allege "sufficient factual matter" showing (1) that the City had contemporaneous knowledge of the incident and (2) circumstances where the City's action or inaction could be found to have communicated a message of approval. *Montgomery*, 159 F.3d at 127. West asserts no facts showing that the City had contemporaneous knowledge of the alleged assault. He also fails to allege any action or inaction by the City that could be interpreted as its approval of the alleged assault.

6

IV

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston*, 363 F.3d at 235; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Under Federal Rule of Civil Procedure 15(a), "courts may grant…amendments 'when justice so requires.'" *Frasher v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)). Moreover, the Third Circuit has consistently held that if a claim is vulnerable to dismissal under Rule 12(b)(6), a plaintiff should be given the opportunity to amend the complaint and cure the deficiency, even if the plaintiff has not moved to amend the complaint. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). West has not sought leave to amend his complaint but is free to do so on or before December 5, 2018.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.